UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH RHINEHART, CDCR #C-39412,<br><br>                                    Plaintiff,<br><br>vs.<br><br>W.L. MONTGOMERY, Warden;<br>J. RODRIGUEZ, Correctional Officer;<br>ARVIZU, Correctional Officer,<br><br>                                    Defendants. | Case No.: 3:22-cv-00678-LAB-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 2]; AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

Plaintiff Michael Joseph Rhinehart, an inmate currently incarcerated at Calipatria State Prison ("CAL"), and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

///

///

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at CAL. *See* Doc. No. 2 at 4–7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has carried an average monthly balance of $101.26 and had an average monthly deposit of $79.23 to his account over the 6-month period immediately preceding the filing of the Complaint.

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses an initial partial filing fee of $20.25 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

1  the targets of frivolous or malicious suits need not bear the expense of responding.'"
2  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

3  "The standard for determining whether a plaintiff has failed to state a claim upon
4  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
5  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d
6  1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.
7  2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
8  applied in the context of failure to state a claim under Federal Rule of Civil Procedure
9  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted
10 as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
11 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

12 Detailed factual allegations are not required, but "[t]hreadbare recitals of the
13 elements of a cause of action, supported by mere conclusory statements, do not suffice."
14 *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief
15 [is] ... a context-specific task that requires the reviewing court to draw on its judicial
16 experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,
17 the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility
18 standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

19 B.  Factual Allegations

20 On October 6, 2021, Plaintiff arrived at CAL. *See id.* at 3. Plaintiff alleges that the
21 light in his cell will not turn off and he is "unable to sleep with the light on." *Id.* Plaintiff
22 maintains that "living in constant illumination" is causing him to suffer from "headaches,
23 depression, sore eyes, and sleepless nights." *Id.*

24 Plaintiff was transported from California State Prison, Solano ("CSPS") to CAL in
25 a van with three other inmates. *See id.* at 4. During the transport, they stopped at a
26 Highway Patrol substation where CAL correctional officers took off the restraints and new
27 restraints were placed on Plaintiff by CAL correctional officers. *See id.* Plaintiff claims
28 the new restraints "came with a lockbox over the handcuffs which is very painful." *Id.*

4

Plaintiff told the correctional officers that he was in pain but they told him that it was CAL's "transportation policy to use the lockbox handcuffs." *Id.* Plaintiff "accepted the pain" because he "had no choice." *Id.* Plaintiff alleges that the "steel dug into" his wrists for seven (7) hours. *Id.* Plaintiff claims that when he arrived at CAL his wrist was swollen and he had "deep red grooves" in his wrist. *Id.* at 5.

Plaintiff seeks injunctive relief, $50,000 in compensatory damages, and $50,000 in punitive damages. *Id.* at 7.

C.   Discussion

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

As currently pleaded, the Court finds Plaintiff's Complaint alleges a plausible Eighth Amendment claims against Defendants sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment).

Therefore, the Court will order the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[2]

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.     Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $20.25 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward that initial fee, as well as whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285.  In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where Defendants may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants upon receipt and as directed by Plaintiff on the completed USM Form 285, <u>and to promptly file proof of service, or proof of all attempts at service unable to be executed, with the Clerk of Court</u>.  *See* S.D. Cal. CivLR 5.2.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6.     **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint, and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED**.

Dated: June 17, 2022

*[signature: Larry A. Burns]*

HON. LARRY ALAN BURNS
United States District Judge