UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH RHINEHART,<br><br>  Plaintiff,<br><br>v.<br><br>W.L. MONTGOMERY, Warden;<br>J. RODRIGUEZ, Correctional Officer;<br>and ARVIZU, Correctional Officer,<br><br>  Defendants. | Case No.:  22-CV-678 JLS (MMP)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br><br>(ECF No. 19) |

Presently before the Court is a Motion to Revoke Plaintiff's *In Forma Pauperis* Status ("Mot.," ECF No. 19), a Memorandum of Points and Authorities in support thereof ("Mem.," ECF No. 19-1), and a Request for Judicial Notice ("RJN," ECF No. 19-2) filed by Defendants J. Rodriguez and Arvizu (collectively, "Defendants"). Plaintiff Michael Joseph Rhinehart filed an Opposition ("Opp'n," ECF No. 31) to Defendants' Motion, and Defendants responded with a Reply ("Reply," ECF No. 32). The Court deems this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered the Parties' arguments and the applicable law, the Court **DENIES** Defendants' Motion.

/ / /

/ / /

# BACKGROUND

The Court incorporates by reference the factual and procedural background set forth in the honorable Larry Alan Burns' February 27, 2023 Order ("Order," ECF No. 16) and sets forth here only those additional facts relevant to the instant motion.

In the Order, Judge Burns dismissed without prejudice Plaintiff's claims that W.L. Montgomery, in his capacity as warden, authorized both constant illumination of Plaintiff's cell and Defendants' application of lockbox restraints to Plaintiff. Order at 3–5. These dismissed claims comprised all of Plaintiff's claims against W.L. Montgomery. *See id.* Judge Burns did not, however, dismiss Plaintiff's claims against Defendants relating to their alleged use of lockbox restraints. *Id.* at 5–10. Judge Burns ordered Defendants to answer Plaintiff's Complaint ("Compl.," ECF No. 1) by March 13, 2023. *Id.* at 10.

Defendants answered the Complaint on March 7, 2023. *See* ECF No. 17. Plaintiff then filed an interlocutory appeal on March 13, 2023, which the Ninth Circuit dismissed for lack of jurisdiction on April 26, 2023. *See* ECF Nos. 18, 23. While Plaintiff's appeal was pending, Defendants Arvizu and Rodriguez filed the instant Motion. The case was transferred to the undersigned on December 21, 2023. *See* ECF No. 34.

# LEGAL STANDARD

In order to further "the congressional goal of reducing frivolous prisoner litigation in federal court," the Prison Litigation Reform Act ("PLRA") provides that prisoners with three strikes or more cannot proceed *in forma pauperis* ("IFP"). *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997); *see also Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (noting the "three strikes" terminology). A prisoner has three strikes if:

> on [three] or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). An action fails to state a claim if it does not survive a 12(b)(6) challenge, is frivolous if it lacks "basis in law or fact," and is malicious if it was filed "to harm another." *King*, 398 F.3d at 1121 (internal quotation marks omitted) (quoting *Webster's Third New International Dictionary* 913, 1367 (1993)).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP. *Id.* at 1120. Once a defendant "produce[s] documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim,'" the burden shifts to the prisoner to explain why a prior dismissal should not count as a strike. *Id.* (second alteration in original) (quoting 28 U.S.C. § 1915(g)).

Once a prisoner has accumulated three strikes, § 1915(g) prohibits said prisoner from proceeding IFP in federal court unless the prisoner faces an "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). A prisoner qualifies for this exception if her "complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055 (quoting 28 U.S.C. § 1915(g)). Danger is imminent if it is "ready to take place," or "hanging threateningly over one's head." *Id.* at 1056 (internal quotation marks omitted) (quoting *Merriam-Webster's Collegiate Dictionary* 580 (10th ed. 1999)). Conversely, a complaint does not allege imminent danger where it alleges only "past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21CV347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

///

When determining whether a prisoner proceeding pro se has adequately alleged an imminent danger of serious physical injury, a court must liberally construe the prisoner's allegations. *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). Moreover, a court "should not make an overly detailed inquiry into whether [a prisoner's] allegations qualify for the exception," as § 1915(g) "concerns only a threshold procedural question." *Cervantes*, 493 F.3d at 1055.

## ANALYSIS

### I. Timeliness of Defendants' Request

Plaintiff first argues that Defendants should have attempted to revoke Plaintiff's IFP status at the outset of this case. *See* Opp'n at 2. Plaintiff, however, cites no authority to support his contention that a defendant may raise the issue of whether a plaintiff is entitled to IFP status only at the outset of litigation. *See generally id.* And persuasive authority suggests a contrary conclusion; in *Harris v. City of New York*, the Second Circuit held that a district court can revoke a prisoner's IFP status pursuant to § 1915(g) even when a defendant does not raise the issue in their initial pleadings. 607 F.3d 18, 23 (2d Cir. 2010). Therefore, the Court proceeds to consider the merits of Defendants' Motion.

### II. Plaintiff's Strikes

To meet their initial burden, Defendants request that the Court take judicial notice of court records from five dismissed actions that they argue constitute strikes against Plaintiff under § 1915(g). *See generally* RJN. Defendants provide excerpts of the relevant records from these actions. RJN Exs., ECF No. 19-3.[1] The Court will, as Defendants request, take judicial notice of (1) the existence of these actions and (2) the reasons the court in each action gave for dismissing said action. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th

---

[1] All citations to the RJN Exhibits refer to the blue page numbers affixed to the top of the Exhibits in CM/ECF.

Cir. 2007) (similar); *cf. King*, 398 F.3d at 1121 (requiring a district court to "careful[ly] evaluat[e]" orders dismissing an action to determine whether the action was dismissed because it was frivolous, malicious, or failed to state a claim). The Court concludes, pursuant to Federal Rule of Evidence 201(b)(2), that the existence of these actions—and the reasons for dismissal stated within orders issued during the pendency of said actions—"can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

After reviewing the records provided by Defendants—and independently reviewing the dockets associated with said actions—the Court concludes that at least the following four actions constitute strikes:[2]

(1)  In *Rhinehart v. Harrington*, No. 1:09-cv-00411-SMS PC (E.D. Cal. Jan. 10, 2011), the district court dismissed the entire action with prejudice for failure to state a claim upon which relief could be granted. RJN Ex. A at 2–5.

(2)  In *Rhinehart v. Harrington*, No. 1:10-cv-00869 GSA PC (E.D. Cal. Dec. 3, 2010), the district court dismissed the entire action with prejudice for failure to state a claim upon which relief could be granted. RJN Ex. B at 7–10.

(3)  In *Rhinehart v. Marshall*, No. 95-16313 (9th Cir. Jan. 12, 1996), the Ninth Circuit denied IFP status both pursuant to the district court's certification that an appeal would not be taken in good faith and based on its own independent review of the record. RJN Ex. D at 24. The Ninth Circuit subsequently dismissed the appeal for failure to prosecute. *Id.* at 23.[3]

---

[2] As 28 U.S.C. § 1915(g) applies after a prisoner has brought a strike-worthy action or appeal on three or more occasions, the Court need not resolve whether the final action highlighted by Defendants constitutes a strike under § 1915(g). *See* RJN Ex. C.

[3] *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (noting that where the Ninth Circuit dismisses an appeal in reliance on the district court's finding that the appeal was not taken in good faith, said dismissal constitutes a strike); *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (concluding that a strike should be assessed for an appeal where the Ninth Circuit first rejects a prisoner's IFP application as frivolous and then later dismisses the action when the prisoner fails to pay the filing fee); *Tierney*, 128

(4) In *Rhinehart v. Marshall*, No. 95-17156 (9th Cir. Jan. 26, 1996), the Ninth Circuit denied IFP status both pursuant to the district court's certification that an appeal would not be taken in good faith and based on its own independent review of the record. *See* RJN Ex. E at 29. The Ninth Circuit subsequently dismissed the appeal for failure to prosecute. *Id.* at 28.

As Defendants have met their initial burden, Plaintiff must explain why these four actions do not constitute strikes. *See King*, 398 F.3d at 1120. Plaintiff does not contest Defendants' assertion that the above actions constitute strikes, but instead argues only that he was in imminent danger at the time he filed his present Complaint. *See generally* Opp'n. Accordingly, the Court concludes that at the time the Complaint was filed, Plaintiff was not entitled to proceed IFP unless he was in imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052–53.

**III. Imminent Danger**

The Court will first address Defendants' contention that it may not consider allegations in the Complaint relating to claims previously dismissed by Judge Burns. Then, the Court will turn to whether Plaintiff's Complaint plausibly alleges an imminent danger of serious physical injury.

*A. Dismissed Claims*

Defendants contend that because the Court has dismissed Plaintiff's claim relating to the alleged constant illumination of his cell, the Court should not consider that claim when determining whether Plaintiff was in imminent danger of serious physical injury at the time he filed his Complaint. *See* Reply at 4. Plaintiff responds that the imminent danger exception applies to his Complaint in its entirety. *See* Opp'n at 4.

Defendants' argument is in tension with *Cervantes*. There, the Ninth Circuit held that the availability of the imminent danger exception "turns on the conditions a prisoner

---

F.3d at 1312 (holding that district courts, when applying § 1915(g), should assess strikes for qualifying actions filed before the effective date of the PRLA).

faced at the time the complaint was filed, not at some earlier or later time." *Cervantes*, 493 F.3d at 1053. *Cervantes* also clarified that if one of the prisoner's claims satisfies the imminent danger requirement, a "district court must docket the entire complaint and resolve all its claims." *Id.* at 1053–54. In other words, "the exception does not operate on a claim-by-claim basis or apply only to certain types of relief." *Id.* at 1052.

To be sure, the Ninth Circuit in *Cervantes* did not face a situation where the district court had already dismissed certain claims from the prisoner's action pursuant to § 1915(g). But Defendants cite no case supporting their conclusion that the Court should ignore a dismissed claim when determining whether a prisoner's complaint satisfies the imminent danger exception. *See generally* Mot.; Reply. And to allow Defendants to move to dismiss one of Plaintiff's claims—and then separately attack Plaintiff's other claims as barred by § 1915(g)—would run counter to the Ninth Circuit's observation that a court should resolve *all claims* raised by a complaint that contains plausible allegations of imminent danger of serious physical injury at the time it is filed.

The Court will thus consider Plaintiff's Complaint in its entirety, beginning with Plaintiff's claim regarding Defendants' use of lockbox restraints.

### B. Lockbox Restraints

Plaintiff argues that he is at imminent risk of serious physical injury because his current prison uses a specific, dangerous form of restraint—lockbox handcuffs—when transporting prisoners outside the prison. *See* Opp'n at 2–4. In his Complaint, Plaintiff alleges that Defendants required him to wear these painful lockbox restraints for approximately seven hours during transport. Compl. at 4. Plaintiff told Defendants that he was in pain, but they informed him that it was "CSP-Transportation policy to use the lockbox handcuffs." *Id.* These restraints trapped him in a stress position, cut into his wrists, and made his left arm so sore that upon Plaintiff's arrival to prison he sought physical therapy. *Id.* at 4–5. Per Plaintiff, his physical therapist diagnosed his left arm as weaker than his right, which motivated his physical therapist to prescribe him exercises to rehabilitate it. *Id.* at 5.

7

22-CV-678 JLS (MMP)

Plaintiff first contends that because he continues to suffer the effects of his past exposure to lockbox handcuffs, he qualifies for the § 1915(g) exception. *See* Opp'n at 2. Plaintiff cannot, however, rely on his lingering injury from the handcuffs alone to demonstrate that he is in *imminent* danger; for a danger to be imminent for purposes of § 1915(g), it must be ongoing at the time the prisoner filed their complaint. *Cervantes*, 493 F.3d at 1056; *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger th[e] exception to § 1915(g) . . . ."); *Dustin v. Kern Valley State Prison Pers.*, No. 119CV00989LJOSABPC, 2019 WL 6463991, at *1 (E.D. Cal. Dec. 2, 2019) (rejecting a prisoner's argument that continuing pain from a previous injury constitutes ongoing danger).

Plaintiff does not rely solely on his previous injury, however. Instead, Plaintiff identifies a specific instance where he will again be exposed to the same lockbox restraints that caused his prior, lingering injury. Plaintiff alleges that he must be transported outside of the prison every six months to see a cardiologist regarding his pacemaker. *See* Compl. at 3, 5. Plaintiff also alleges that he was told by his prison's transportation staff that they use the lockbox restraints as a matter of policy. *Id.* at 4. Construing these allegations in Plaintiff's favor, Plaintiff faces the choice of either subjecting himself again to the same restraints that caused him lasting weakness in his arm or declining to receive medical treatment related to a potentially life-threatening condition. *See id.* at 5. This concrete, upcoming choice—between potential nerve injury and needed heart treatment—is sufficiently proximate, ongoing, and urgent to be imminent within the meaning of § 1915(g). *See Cervantes*, 493 F.3d at 1056–57 ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will . . . meet the imminence prong of the three-strikes exception.").[4]

---

[4] Tellingly, neither Defendants' Motion nor Reply addresses Plaintiff's allegations regarding his need for regular transportation outside of the facility. *See generally* Mot.; Reply. Instead, Defendants make only the conclusory assertion that Plaintiff's exposure to lockbox restraints was an "isolated incident." *Id.* at 4.

As Plaintiff has satisfied the imminence prong, the applicability of § 1915(g) turns on whether the alleged risk of physical injury associated with the lockbox restraints is sufficiently serious. Courts have found a risk of injury to be sufficiently serious where the risked injury is either life-threatening or associated with a loss of important bodily function. *See Cervantes*, 493 F.3d at 1055 (concluding that the risk of contracting HIV or Hepatitis C "plausibly raises the specter of serious physical injury" because said diseases "cause serious health problems and can result in death"); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting that the 1915(g) exception does not apply when "bodily integrity is not at stake"); *Ashley*, 147 F.3d at 717 (finding risk of serious physical injury where a prisoner was housed near persons who had stabbed him previously); *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (finding risk of serious physical injury where a prisoner was denied medical care for a spreading infection in his mouth that threatened to destroy his teeth); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) (finding risk of serious physical injury where a prisoner's cell was full of unidentified particles that, when inhaled, could lead to lung cancer).

Defendants contend that Plaintiff's allegations regarding the risk of injury posed by lockbox restraints are insufficient. *See* Reply at 4–5. In support, Defendants cite a series of cases concluding that handcuff-related injuries did not allow prisoners to invoke the § 1915(g) imminent danger exception. In those cases, however, the plaintiffs made only conclusory allegations regarding future harm extending beyond minor cuts and wrist abrasions.[5] Here, by contrast, Plaintiff alleges that a specific type of restraint caused lasting

---

[5] *See Turner v. Cnty. of San Diego*, No. 320CV00163JAHAHG, 2020 WL 905633, at *3 (S.D. Cal. Feb. 25, 2020) (rejecting plaintiff's argument that the use of overly tight handcuffs at past and future court dates placed him in imminent danger and noting that allegations regarding the risk of injury were conclusory and "not severe enough"); *Shove v. McDonald*, No. 14-CV-02903-JD, 2015 WL 5693730, at *3 (N.D. Cal. Sept. 29, 2015) (concluding that cuts and undue pressure from tight handcuffs do not constitute serious physical injury and rejecting the plaintiff's allegations relating to permanent wrist injury as conclusory/overly speculative); *Bontemps v. Baker*, No. 2:16-CV-2814-MCE-CMK, 2018 WL 4095922, at *2 (E.D. Cal. Aug. 28, 2018) (noting that plaintiff had failed to identify a future incident where he would again be subjected to unreasonable handcuff placement).

weakness and soreness in his arm. *See* Compl. at 4–5. These allegations, which are consistent with nerve damage, are supported by factual allegations related to Plaintiff's conversations with his medical provider. *Id.* Though allegations of wrist abrasions alone may not be sufficient, the risk of loss of function in one's limb is sufficiently severe to constitute a serious physical injury within the meaning of 28 U.S.C. § 1915(g). *See Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (concluding that the plaintiff's allegations of paralysis in his legs and back related to his lack of medication were sufficient to qualify for the imminent danger exception).

As Plaintiff has plausibly alleged that he faces repeated exposure to a form of restraint that previously caused loss of function in his arm, the Court concludes that Plaintiff faced an "imminent danger of serious physical injury" at the time he filed his Complaint and therefore is entitled to proceed IFP in this litigation despite his prior strikes. *See* 28 U.S.C. § 1915(g). The Court therefore does not reach the question of whether Plaintiff's allegations related to constant illumination separately qualify him for the exception.

## II. CONCLUSION.

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Revoke Plaintiff's IFP Status (ECF No. 19).

**IT IS SO ORDERED.**

Dated: January 31, 2024

Hon. Janis L. Sammartino
United States District Judge